UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHMUEL ELIMELECH BRAUN, *et al.*,

Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN, *et al.*,

Defendants.

Civil Action No. 15-1136 (BAH)

Chief Judge Beryl A. Howell

## ORDER

Chaya Zissel Braun's parents, Chana and Shmuel Braun, and her grandparents, Esther and Murray Braun and Sara and Shimshon Halperin, filed this action individually and as personal representatives of Chaya's estate, under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq.*, against the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS") for their material support of Hamas, a radical terrorist organization that allegedly perpetuated the killing of Chaya.[1] The plaintiffs obtained a default judgment against Iran and MOIS over two and a half years ago, on January 10, 2017, pursuant to the FSIA's terrorism exception to foreign sovereign immunity, section 1605A. *See Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d 64, 82 (D.D.C. 2017) ("Default J. Mem. Op."); Order Granting Mot. for Default J., ECF No. 38. The plaintiffs now seek an order authorizing enforcement of that judgment, pursuant to the FSIA's section 1610(c). *See* Pls.' Mot. for Order Under 28 U.S.C. § 1610(c) & Mem. Supp. Mot. ("Pls.' Mot.") at 1, ECF No. 51.

---

[1] Default Judgment was also entered against a third defendant, the Syrian Arab Republic ("Syria"), *see* Order (Jan. 10, 2017), ECF No. 38, but Syria has not been properly notified of the default judgment pursuant to 28 U.S.C. 1608(e), because the Order mailed pursuant to 28 U.S.C. 1608(a)(3) was undelivered, *see* Mail Returned as undeliverable, ECF No. 43, and the plaintiffs were unable to provide notice via diplomatic channels, *see* Addendum to Affidavit Requesting Foreign Mailing, ECF No. 41-1 ("The Overseas Citizens Services Division [of the U.S. Department of State] has [] advised counsel that the Department of State is unable to effect service via diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4).").

The FSIA bars any "attachment or execution" against certain foreign property "until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e)." 28 U.S.C. § 1610(c). In accordance with this statutory direction, the plaintiffs request that this Court find that "'a reasonable period of time has elapsed' for the purposes of 28 U.S.C. § 1610(c)." Pls.' Mot. at 2. For the reasons discussed below, the plaintiffs' motion is granted.

At the outset, the plaintiffs have not described the property against which attachment or execution is sought, but "[s]uch a description is not required." *Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 101 (D.D.C. 2011). "A § 1610(c) order in this case serves only to determine (1) that a reasonable period of time has elapsed following entry of judgment, and (2) that any notice required under § 1608(e) has been given. Execution of the judgment with respect to any particular property requires a separate judicial determination that the property at issue falls within one of the exceptions to immunity." *Id.* at 101–02 (citing *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 270–71 (D.D.C. 2011)); *accord BCB Holdings Ltd. v. Gov't of Belize*, 232 F. Supp. 3d 28, 34 (D.D.C. 2017); *see also Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816, 825 (2018) ("[I]ndividuals with § 1605A judgments against a foreign state must primarily invoke other provisions revoking the grant of immunity for property related to commercial activity . . . unless the property is expressly carved out in an exception . . . .").

The plaintiffs have satisfied the statutory prerequisites for issuance of a section 1610(c) order. First, Iran and MOIS have properly been given notice pursuant to section 1608(e), which requires that a copy of the default judgment entered against a foreign state under the FSIA "be sent to the foreign state . . . in the manner prescribed for service" of the summons and complaint, which, in this case, was pursuant to section 1608(a)(3) and (4). *See* Default J. Mem. Op. at 78. Section 1608(a)(3) directs sending the relevant documents "together with a translation of each into the

official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." Section 1608(a)(4) is available if service cannot be made through 1608(a)(3) and involves requesting the Clerk of the Court to send the aforementioned package to "the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted."

Here, the Clerk of the Court mailed the necessary documents, via DHL to the head of the Ministry of Foreign Affairs in Iran and the head of MOIS on March 7, 2017. *See* Clerk's Certificate of Mailing, ECF No. 42. On June 29, 2017, the Clerk served the necessary documents to Iran via diplomatic service, pursuant to 1608(a)(4). *See* Clerk's Certificate of Mailing to the U.S. Department of State, ECF No. 46. The Department of State was assisted by the Foreign Interests Section of the Embassy of Switzerland in delivering judgment to the Iranian Ministry of Foreign Affairs. *See* Affidavit by U.S. Department of State, ECF No. 48 at 1. Service of the judgment was effective when the Embassy delivered the diplomatic note and necessary documents to the defendant approximately four months later, on October 24, 2017. *Id.* at 10, 14 (noting the Iranian Minister of Foreign Affairs "refused its acceptance").

Second, approximately two and a half years have elapsed since the January 10, 2017 Order granting the plaintiffs' Motion for Default Judgment, and approximately one year and eight months have passed since Iran received notice on October 24, 2017. This is a "reasonable period of time" under section 1610(c). *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 16-cv-661 (RC), 2017 WL 6349729, at *1 (D.D.C. June 9, 2017) (finding two months reasonable and collecting cases); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8 (D.D.C. 2015) ("[C]ourts have found periods of three months and less reasonable." (collecting cases)); *Baker*, 810 F. Supp. 2d at

x

101 (finding a "period of a few months" reasonable). This time period is particularly reasonable where Iran has made no efforts to satisfy the judgment. *See Crystallex Int'l Corp.*, 2017 WL 6349729, at *1. To the contrary, Iran refused delivery of the notice, demonstrating its intention "to evade its obligation." *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (finding 1.5 months reasonable, in part because there was "no evidence that the defendant ha[d] taken any steps towards the payment of its debt," and "at least some evidence that the defendant is actually attempting to evade its obligation"). Thus, "a reasonable period of time has elapsed" under section 1610(c).

For the foregoing reasons, upon consideration of the plaintiffs' Motion for Order Under 28 U.S.C. § 1610(c), ECF No. 51, the related legal memorandum in support thereof, the exhibits attached thereto, and the entire record herein, for the reasons stated in this Order, it is hereby

**ORDERED** that the plaintiffs' Motion, ECF No. 51, is **GRANTED**; and it is further

**ORDERED** that, based on the Court's findings that Iran and MOIS were properly given notice on October 24, 2017 of the January 10, 2017 Order entering final judgment, ECF No. 38, in accordance with 28 U.S.C. § 1608(e), and "that a reasonable period of time has elapsed following the entry of judgment and the giving of . . . notice," *id.* § 1610(c), the plaintiffs may now seek attachment or execution, pursuant to *id.* §§ 1610(a)–(b), to satisfy this Court's judgment against the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

**SO ORDERED**.

Date: July 12, 2019

_____
BERYL A. HOWELL
Chief Judge

4